By the Court.

We are all of opinion that the demandant is entitled to her dower in the premises, only as they existed at the time when her husband was last seised, and that she is not dowable of the buildings erected, or other improvements made thereon, by the tenant, (a)

 [See 10 Mass. Rep. 80, where this case, on a further hearing, is more fully reported. It is there said that the question as to the improvements was not open upon the pleadings, but that the demandant might have been restricted to the value as it was at the time of the extent. The case was probably compared with that of a claim ot dower in lands alienated by the husband during coverture with warranty; which it does not seem exactly to resemble. Catlin vs. Ware (post, 221) is a case of that description, where it was held that the demandant was dowable of a third part in value of the lands in the condition in which they were at the alienation, without regard to the improvements made by the purchaser; though the question was no-t otherwise presented to the Court than in the former case. The same rule is reported to have been hid down in Libbey vs. Stetson, (Stor. Plead. 366;) and in Webb vs. Townsend, (1 Pick. 21,) the demandant became nonsuit, it being held that she was not dowable of lands alienated by her husband during the coverture, when they were covered with woods, and wholly uncultivated, though since subjected to cultivation. And see White & Ux. vs. Willis, 7 Pick. 143.— White vs. Cutler, 17 Pick. 248. The rule laid down in the above cases is maintained by respectable English authorities. — Harg. Co. Lit. 32, a. —Perk. 328. — Fitz. Dow. 192. — Vouch. 288. — Rop. Hus. Wife, 347. — The reason given is, that the heir is not bound to warrant, except according to the value as it was at the time of the alienation, and therefore the wife, ought not to recover more against the alienee of the husband; but where the writ is brought against the heir, it is other wise.— Co. Lit. 32, a. — Now, the reason given for the rule, formerly, if not now, adhered to in England, does not hold in Massachusetts; where, in an action of covenant upon the warranty, damages may be recovered according to fhe value at the time of the eviction. — Gore vs. Brazier, 3 Mass. 546. And in one case, at least, the rule seems not to have been admitted. — Nash vs. Boltwood, S. J. C. 1783. Stor. Plead. 366. Chief Justice Parsons, in Gore vs. Brazier, says, the rule is now maintained in Massachusetts upon principles of public policy, that purchasers may not be discouraged from improving their lands; but he admits that if the estate should have increased in value from other causes than the labor and expense of the alienee, it would be difficult to maintain that dower should not be allowed, according to the increased value. A late English writer upon this subject says, he believes the understanding of the profession at present to be, that the wife shall be endowed of the land, as she finds it at the time of her title of dower consummated. — Park. Dow 257. — Vide Rev. Stat. c. 60 § 12, c. 73, § 53.—Ed]