Curia.

Two objections, made to the deed read in evidence at the trial of this cause, have been replied to by the counsel for the tenant.
As to the second — the want of an acknowledgment by the wife — we think an acknowledgment unnecessary in the case. One party to a deed acknowledging it gives notoriety to it, and that is the whole that is necessary, (a) Though a deed be acknowledged and recorded, yet, on the issue of non est factum, the execution of the deed is still to be proved, as if it had not been acknowledged, (b) Neither was an acknowledgment by the wife necessary in order to *201 make the deed binding on her. She must know her own acts, and is bound by such, as the law authorizes her to execute.
The other objection to this deed has much more weight in it, and is indeed fatal to the defence of the action. A deed cannot bind a party sealing it, unless it contains words expressive of an intention to be bound. In this case, whatever may be conceived of the intention of the demandant in signing and sealing the deed, there are no words implying her intention to release her claim of dower in the lands * conveyed, which must have been, to give it that operation. It was merely the deed of the husband, and the wife is not by it barred of her right to dower, (c)
As to the question referred to us respecting the increased value of the lands, in which the demandant claims her dower, as they have arisen from the labors and expense of the purchaser, it is our opinion that she is entitled to her third part of the land, in the condition it was in at the time of the alienation by her husband. Had the heir of the husband been the tenant, and the improvements been made by him after the land descended, it would have been otherwise ; for it was his folly not to assign the dower to the widow, before he made the improvements, (d)

Judgment on the verdict.

{a) [In Salkeld, there is a loose note of a case, (Taylor vs. Jones, 1 Salk. 389,) referred to in Ridge vs. Tyler, where it is said, that, if there are two parties to a deed, and one acknowledge it before a judge, it binds the other And that it was the practice, if a man lived in New England, and would pass lands in England, to join a mere nominal party xvith him in the deed, who might acknoxvledge it, and it would bind. There is another loose note of a case at Nisi Prius, before Glyn, C. J., in Style, p. 462, (Thurle vs. Madison,) xvhere he is reported to have said that, if divers persons seal a deed, and but one of them acknoxvledge it, and it is thereupon enrolled, that is a good enrolment. But, in Dudley vs. Sumner, (5 Mass. Rep. 438,) Sedgwick, J., seems to have thought, that in the case of a feme covert joining with her husband to convey her interest in real estate, it xvas necessary that she should acknowledge the deed. — And see 2 Co. Rep. 57, b, 77, b. —- Co. Lit. 225. — 2 Inst. 674. — 6 Mod. 263 — In London and other places, where, by custom or the lex loci, the wife, by joining with her husband in a deed, may pass her lands, or bar herself of doxver, an acknoxvledgment and separate examination of the wife seems to be necessary. — Com. Dig. Cust. Lond. N. 3, Baron and Feme, G. 4. — Park, on Dower, 195. — Probably the usage or law in this commonwealth, and many of the United States, arose from this customary law in England. In most of the other states, a separate examination, as xvell as acknowledgment of the wife, is required. — Ed.]

 [Inhabitants of Worcester vs. Eaton, 11 Mass. Rep 379. —13 Mass. Rep. 371.— Ed.]

 [Lufkin vs. Curtis, 13 Mass. Rep. 223. — Leavitt vs. Lamprey, 13 Pick. 382. — Powell & Ux. vs. Monson Brimfield Manufacturing Company, 3 Mason, 349. — Ed.]

 [Vide, ante, Ayer vs. Sping, p. 8. — Ed.]