* Sewall, J.,
delivered the opinion of the Court. The two issues referred to the jury have been found in this case for the demandant. Upon the first, in which is brought in question the marriage of the demandant with Elisha Ayer, of whose land she claims dower, the jury have found the marriage; and there is no objection to this verdict.
Upon the second issue, of the seisin of her husband during the coverture, the jury have found the seisin; and the questions, reserved by the report of the evidence at the trial, relate altogether to this issue. The objections, as they apply to this verdict, seem to be, that it is without, or against evidence, or not warranted as a legal conclusion from it.
As to the title or seisin of the husband, there can be no doubt, we think, upon this evidence. It may be considered as originating with the deeds made to him from the three Coles in 1779 and 1780. The demandant was then the wife of Elisha Ayer, having been married in 1773, or about that time; and she continued with him until his death, in 1806.
The tenant derives his title from Ayer, under the extent which Benjamin Cole made upon Ayer’s land, to satisfy a judgment recovered against him in 1784. The whole island was extended upon and set off to Benjamin Cole, to satisfy the execution upon that judgment; and in 1787 Cole conveyed three fifths of the island, which by regular conveyances came to the present tenant, and the demand of dower is of these three fifths. The wife had at that time her interest, or possibility of dower, in the land, which had not been taken away by the extent, and that inchoate title became complete at the death of the husband. In short, as questions reserved upon the issues, and the verdicts of the juries thereon, we see no cause of doubt.
The objections which were urged in the argument for the tenant are rather in the nature of motions in arrest of the judgment to be rendered on the verdict, or suggestions to the Court in behalf of the tenant, as to the kind of judgment to which he is subjected by the verdict returned for the demandant.
* It is said, in the first place, that a demand of dower
was not proved at the trial, although it is specially alleged. But if evidence to support this averment were necessary under any circumstances or form of pleading, it certainly is not when it has not been denied. The demand is sufficiently alleged in the writ, and the tenant defends upon a plea of “ never married,” and another *95 that the husband was “ never seised.” The demand is therefore confessed ; and the tenant has attempted to justify a refusal of the dower demanded.
Holmes for the demandant.
King and Emery for the-tenant.
The demand is of dower in three fifths of the island ; and the assignment of dower to the demandant must be of one third of three fifths. It is said the demand, as alleged, is of three fifths undivided. It is expressed in the writ to be “ of a certain messuage and the buildings thereon, said messuage being three fifths of Jordan’s Island.” Taken all together, the description must be of that messuage and part of Jordan’s Island, which the tenant possesses in his own right. And upon the whole, although the metes and bounds of this part are not stated in the writ, it seems to be certain enough in a writ of dower, where the third part will be assigned to the demandant upon a view of the premises of which dower is demanded.
As to the improvements, that question is not open to the tenant upon these pleadings, (a) The demandant might have been restrained to the value of the land, as it was at the time of the extent of the execution against her husband; but we cannot, from these pleadings, understand that any improvements have been made since that time, or of what nature or value, to be excluded from the judgment to be rendered.
Judgmentds to be entered according to the demand in the writ, which, upon these issues and verdicts, is to be considered as maintained for the demandant.
ADDITIONAL NOTE.
[In a writ of dower, damages are recovered from the time of demand upon the person who was tenant of the freehold at that time, not upon one who was tenant at the ausband’s death, but not at the time of demand. — Leavitt vs. Lamprey, 13 Pick. 382 See Steiger vs. Hillen, 5 Gill & J. 121. — Martin vs. Martin,2 Green, 125. — F. H.]

 [Vide S. C 9 Mass. Rep. 8, and note to that case in the 3d edition. — Ed.]