Smith, C. J.
Upon these facts two questions arise.
1. Did the levy of May, 1794, give John Drew such a seisin as to entitle his wife to dower?
2. Has that right been defeated by the judgment and levy in 1795 ?
To entitle the wife to dower, it is necessary that the husband should be seised, some time during the coverture, of an estate whereof the wife is dowable. A seisin in fact is not neces *319 sary; a seisin in law is sufficient, (a) 7 Mass. 258. It is clear that a woman is entitled to dower in a qualified or base fee, until it is defeated. Where an estate in fee is created, or passes, determinable on some particular event, the wife is dowable; but her dower ceases with the estate. That is precisely this ease. She is dowable in lauds acquired by the husband by levy of execution during the. coverture; but her dower ceases with redemption, and her right to dower is defeated by redemption. This is not like the case of a mortgage in fee, made to tlie husband during the coverture. Before foreclosure, the mortgagee has an equity only, a chattel, personal estate. The mortgage is only a security. The mortgagor still continues the real owner. Lord Mansfield says: It is an affront to common sense, to say that a mortgagor is not the real owner. Doug. 620. In the case of extent, the debtor ceases to be the real owner, and tlie creditor becomes actually seised, and is to be regarded as tlie owner, to every purpose, till redemption. This estate might have been sold by John Drew, or extended by a creditor of bis. It is clear, therefore, that it is subject to dower, independent of the evidence of aetua^possession by John Drew. Indeed, that evidence was not sufficient to prove actual possession independent of the extent.
The next question is, tías the right to dower been defeated by the judgment and levy in 1795 ?
It is not necessary, in tbis ease, to say wliat would bave been the effect of a judgment of reversal on error. It would seem that this would have defeated the right to dower. That right depended on a judgment. When the j udgment was reversed, there was no longer any right.
Nor is it necessary to say what would have been the effect of a judgment of reversal on review, not in part, but of the whole judgment reviewed. (b)
It was holden, in Hodgdon v. Lougee, S. C., Strafford, Sep *320 tember Term, 1798, that John Drew could sell the land included in the levy of 1794; and that the judgment on review, and the levy under it, did not defeat the title of the purchaser. It could only be defeated by redemption within the year; and this levy was not a redemption. Indeed, the levy of 1795 is predicated on the idea that the title was in John Drew by the levy of 1794. It was extended, in 1795, as his estate. He was seised. His wife thereby became entitled to dower in the event of her surviving him.
It is well settled, in this State, that the wife’s title to dower is not defeated by levy of execution for the husband’s debts. 9 Mass. 8, admitted; 5 Manuscript Rep. 117, Hartwell and wife v. Root, Cheshire, May Term, 1804; Colony Laws, 99, 100.
It is extremely clear, therefore, that, on the points saved at the trial, the demandant is entitled to judgment.

Judgment for plaintiff.

[1]

а) 1 Cru. 149, 155, 156. A right to such seisin is sufficient. 7 Mass. 253. But the extent of an execution gives the creditor actual seisin. 4 Mass. 150; 3 Mass. 215 , 523. S

б) The present was a reversal, on review, of the former judgment in part only.

 See Haven v. Libbey, and Hodgdon v. Lougee, reported ante.