## WEBB *versus* TOWNSEND.

A widow is not entitled to dower in land which was wild, when alienated by the husband, but had been brought into a state of cultivation by the husband's grantee, at the time when dower was demanded.

THIS was a writ of dower. The question in the case was, whether the demandant was entitled to dower in land aliened by her husband during the coverture, while it was wild and uncultivated, but which at the time of the demand of dower had been brought into a state of cultivation by the husband's grantee and those claiming under him.

It was agreed that certain persons should be a committee to assign the dower, in case it should be allowed.

*Mills*, for the demandant. If this question were to be decided by the common law of England, the demandant would be entitled to dower. The decision in *Conner* v. *Shepherd*, 15 Mass. Rep. 164, made an inroad upon the common law. There the land continued in a wild state at the time of the demand ; which is the only point of difference between that case and the present one. We do not ask the Court to revise

---

their decision in that case, but they will not go beyond it to the prejudice of the right of dower. Where the land continues wild, the widow can receive no benefit from her dower without committing waste, which would be a forfeiture. Here she may immediately enjoy the profits without committing waste. The case of *Nash* v. *Boltwood*, decided by this Court in 1783, and reported in Story's Pleadings, 366, is precisely like the present, and is not overruled by the case of *Conner* v. *Shepherd*, because in this last case the land continued wild at the time of the demand.

In New York it is settled, that a tenant for life may cut down trees in order to put wild land in a state of cultivation ; *Jackson* v. *Brownson*, 7 Johns. Rep. 237 ; and that there may be tenant by the curtesy of wild land ; *Jackson* v. *Selluk*, 8 Johns. Rep. 262. Tenant by the curtesy and tenant in dower are correlative terms, and they are in general entitled to their respective estates in the same kind of land.

The reasoning of *Dewey*, who argued for the tenant, appears sufficiently in the opinion of the Court.

*Per Curiam.* In *Conner* v. *Shepherd*, it was decided, that a widow is not dowable of land in a wild and uncultivated state. In several other cases it has been determined, that when land of which a widow is dowable shall have been increased in value by a grantee of the husband, her dower shall be assigned according to the value of the land when alienated.[1] In the case before us, when the alienation took place, the land was in a state of nature, and the demandant could not have had dower. At the time when dower was demanded, the land had become a cultivated farm, but altogether by the

---

[1] *Stearns* v. *Swift*, 8 Pick. 532 ; *Ayer* v. *Spring*, 9 Mass. R. 8 ; *Catlin* v *Ware*, 9 Mass. R. 218 ; *Ayer* v. *Spring*, 10 Mass. R. 80 ; *Winder* v. *Little*, 1 Yeates, 152 ; *Humphrey* v. *Phinney*, 2 Johns. R. 484 ; *Dorchester* v. *Coventry*, 11 Johns. R. 510 ; *Hale* v. *James*, 6 Johns. Ch. R. 258 ; *Coates* v *Cheever*, 1 Cowen, 460 ; *Shaw* v. *White*, 13 Johns. R. 179. See also *Gore* v. *Brazer*, 3 Mass. R. 544. But in *Thompson* v. *Morrow*, 5 Serg & R. 289, and *Powell* v. *Monson & Brimfield Man. Co.* 3 Mason, 347, it was held, that the widow shall be endowed of the actual value of the lands at the time of the *assignment* of the dower, excluding from the estimate the increased value arising from the improvements made by the alienee. See also *Powell* v *Monson & Brimfield Man. Co.* 3 Mason, 459.

labor of the grantee, or those who claim under him. It is contended, that some of the reasons on which the decision in *Conner* v. *Shepherd* was founded do not apply in this case, because now the land is in a state to admit of the enjoyment of dower without committing waste, and thus forfeiting dower the moment it is begun to be enjoyed ; which would not be the case in respect to land wholly uncultivated. But if the principle settled in the case of *Libby* v. *Swett et al.*, Story's Pleadings, 365, is to be applied, it would follow that there would be nothing on which the commissioners could act, who should be appointed to assign the dower. They would be required by the commission to set off such a part of the land as would yield one third part of the rents and profits as they were at the time of the alienation ; at which time there were no rents and profits ; so that the widow could get nothing. It follows necessarily from the cases before settled in relation to dower, that the demandant cannot prevail in this action. The husband was not seised during the coverture of any estate of which the widow could be endowed. The land in which she now demands her dower has been put into the state which subjects it to dower, only by the labor and expense of the tenant, and those under whom he claims. This cannot be to the benefit of the widow of him who left it without having done any thing to change its natural state.

The case of *Nash* v. *Boltwood* was determined before we had reports of the decisions of this Court, and we do not know the grounds on which it was decided.[1]

*Demandant nonsuit.*

---

[1] A widow is dowable of a lot of wild land, which was used by her husband, in connection with his dwellinghouse and cultivated land, for the purpose of procuring fuel and timber for repairs. *White* v. *Willis*, 7 Pick. 143. Bu not of mines unopened at the death of her husband. *Coates* v. *Cheever*, 1 Cowen, 460.