Ford J. delivered the opinion of the court.
The defendant having plead nine special pleas in bar of an action of dower, six of them, to wit, the fourth, fifth, sixth, seventh, eighth and ninth, are moved to be stricken out upon notice.
The fourth plea is in substance, That on the 3d of July, 1776, Daniel Coxe, the husband of the demandant, was a subject of the king of Great Britain, and that after the United States separated from Said king and became independent, the said Daniel Coxe elected to remain, and did remain until his death, a subject of the king of Great Britain. This electing to be and remain a subject of the king of Great Britain has been spread on the record in this cause heretofore in the form of a plea in abatement, and overruled on demurrer, as amounting to no defence, for the reasons assigned in 5 Hals. 329, and therefore not necessary to be repeated here. The whole matter is there upon record if the party desires to have it reviewed. It is now brought up in bar. If it was available in any form, the court admitted that the defendant had an election to plead it in abatement or bar. Com. Dig. Abatement E 4; 9 Mass. 363. But he cannot plead it both ways. The court will not oblige an adverse party to demur to the matter a second time, because it is trifling with the court for the plain and manifest purpose of delay, to offer .it a second time for the opinion of the court in the same *469 •cause. The fifth, sixth and seventh pleas are in the same predicament of having been overruled in abatement on ■demurrer. Where would be the use of election, if a party might plead it both ways ? It cannot answer any purpose but delay, and therefore the pleas thus far mentioned must be all stricken out.
*The eighth plea is, That the demandant ought not [*396 to have one third part of the lands because they were alienated from her husband, Daniel Coxe, who ceased to have seizin of them in his life time, and afterwards in his life time, the defendant made great and valuable improvements thereon to the amount of $500, &c., wherefore he prays judgment if the demandant ought to have the one third part. The ninth is to the same effect.
These pleas are without an example in Rastall, Lilly, Wentworth, Story, or any other collection of precedents or •entries. This is not owing to any novelty in the case, it being the ordinary one of a suit for dower in lands alienated in the life time of the husband. In Van Dorn v. Van Dorn. 2 Pen. 697, the widow took judgment upon the record for one third part of the land, but a grist mill and other very expensive improvements being put upon it by the tenant, the court gave a direction touching the damages for detention and a rule regulating the assignment of dower by the sheriff. But she had judgment to recover one third,part, and if judgment for less than a third had been possible, such a plea as this would have been interposed in that case. In Ayer v. Spring, 9 Mass. 8, and Catlin v. Ware, 9 Mass. 218, the demandants had judgment for one-third, and there were no such pleas, though there were great and valuable improvements, and the court proceeded to give relief by rule as in the case of Van Dorn v. Van Dorn. A manifest proof of the inadmissibility of this matter in bar is that the judgment can be for no less than a third part by the law of the land. According to Revised Laws 397, sec. 1, the widow shall be endowed of an equal third part of all lands *470 whereof her husband was seized of an estate of inheritance-at any time during the coverture. Therefore if the fact of improvement were traversed and found true by the jury, it would be an idle issue, for it is not sufficient to, bar the action. Being no plea in bar, it is nothing. The-matter, supposing it is all true, is only ground for an application, after judgment, to the equity of the court, not to impugn the judgment or execution, but to direct the-sheriff or his inquest. Shall these pleas then be struck' off on motion, or shall the demandant be put to demur ?' In respect of insufficient notices, not demurable to, the court has no’ alternative but that of striking out, 3 Hals. 1; 4 Hals. 120. It is different as to a plea. In the-case of Coryel v. Croxall, 2 South, 764, the court went *397] further, *and struck out a plea of payment. Now not only this, but numerous other cases go to establish it as-a general principle, that if matter set up in bar is obviously and grossly insufficient, idle and frivolous, the court, in its-discretion, may strike it out without putting the adverse party to the expense or delay' of a demurrer. Under these-limitations, it is a salutary and valuable power, promotive of real justice between parties, to the avoiding of artificial delay; the useless protraction of records, and swelling up of' expenses. Now the facts set up in the eighth and ninth pleas, are not really in bar of the action, nor can counsel esteem them to be so. No judgment- can be rendered on them if they are true. They are obviously frivolous matter to elicit a- demurrer, joinder and concilium for the evident purpose of delay. As such I think both of them, together with the fourth, fifth, sixth and seventh, ought to be stricken out, with costs.
The Chief Justice did not sit, and gave no opinion, in this-cause.