By the Court.
The evidence offered by the defendant in the court below, with respect to the intention of the parties to the supposed indenture of apprenticeship, and to the declaration of the plaintiff, that the instrument was not of that character, was properly rejected. If the instrument had been executed according to the requirements of the statute, the plaintiff might follow the apprentice, and claim payment for his services of any person, who should employ him, with notice that he was bound to the plaintiff as an apprentice. The Rev. Sts. c. 80, § 3, provide, that minors above the age of fourteen years may be bound, in the same manner with those who are under that age, “ provided, that when they are bound by their parent or guardian, the consent of the minor shall be expressed in the indenture, and testified by signing the same.”
The question in this case is, whether the indenture contains such an expression of the consent of the minor. The court are of opinion, that it does not. The statute requires, that the consent should be expressed in the indenture, and testified by the minor’s signature. This indenture, although signed by the minor, contains no expression of his consent to its provisions. The true role, equally applicable to an indenture of apprenticeship, is laid down in the cases of Catlin v. Ware, 9 Mass. 218, and Lufkin v. Curtis, 13 Mass. 223, in which it was held, that the execution of a deed of land by a married woman is not sufficient to bar her of dower therein, without express words in the deed to that effect. In the present case, the instrument contains no words expressing the minor’s consent.
• Exceptions sustained.