ASAHEL HUBBARD *vs.* SAMUEL KNOUS & anotner.

On a sealed lease to two persons named, by which " the said lessees " covenant to pay the rent reserved, and not to lease nor underlet, nor permit any other person to occupy the same, two persons, one of whom is one of the lessees named, do not, by executing the instrument in their own names, render themselves jointly liable to an action on the lease; although the lease be expressed to be to the lessees named, as certain officers of an unincorporated society, and to their successors in office, for the use of the society; and the persons who execute the lease succeeded to such offices after the lease was drawn, and execute it as such officers; and the premises are occupied by such society under the lease.

DEBT against Samuel Knous and Edward Badger.    The declaration averred a demise from the plaintiff to the defendants of certain rooms in Springfield; the defendants' covenant to pay him a yearly rent of fifty dollars, in equal quarterly payments; and the amount of rent unpaid; and made profert of the lease. Plea, *nil debet.*

The lease was under seal; and the plaintiff thereby demised " unto William H. Cleaveland, W. P., and Edward Badger, W. A., both of said Springfield, now officers in the Franklin Division No. 28 of the Sons of Temperance, and to their successors in office," the rooms described in the declaration, " for the purpose of holding the meetings of said division in; " and the " said lessees do promise to pay the said rent," and to quit and deliver up the premises to the lessor at the end of the term,

and not to "lease nor underlet, nor permit any other person or persons to occupy or improve the same," unless by the approbation in writing of the lessor; and the lease was signed and sealed by the plaintiff, and by "Edward Badger, W. P." and "Samuel Knous, W. A."

The case was submitted to the decision of the court upon an agreed statement, consisting of the pleadings and lease, and the following facts: The premises were occupied under this lease, by the Franklin Division No. 28 of the Sons of Temperance, for part of the time mentioned in the declaration. When the instrument was drawn, Cleaveland was W. P., and Badger W. A., officers of said division; and when it was signed, Badger had succeeded Cleaveland, and Knous had succeeded Badger, as such officers.

*W. G. Bates*, for the plaintiff.

*H. Morris*, for the defendants.

METCALF, J. This is an action of debt for rent, and is brought, on a sealed instrument, against Samuel Knous and Edward Badger. The plaintiff's declaration alleges that he demised part of a building to the defendants, and that they, by said instrument, covenanted to pay him $50 rent per annum, in quarterly payments. On inspecting the instrument, (of which profert is made,) it appears that the plaintiff's alleged demise was by that instrument, and was made "unto William H. Cleaveland and Edward Badger;" that "the said lessees" promised to pay the said rent; and that they engaged not to lease nor underlet, nor permit any other person or persons to occupy the demised premises, unless by the written approbation of the plaintiff. Badger executed the instrument, thus drawn, but Cleaveland did not. Knous, instead of Cleaveland, put his signature and seal to it, with Badger. And the question is, whether Badger and Knous are jointly liable to the plaintiff, in this action, on the instrument. We are of opinion that they are not. The instrument was framed for a deed *inter partes;* and the intended parties were the plaintiff, as lessor, and Cleaveland and Badger, as lessees; and no others. And all the stipulations, express or implied which are therein contained, were intended to be

made between those parties. Knous did not, by merely putting his name and seal to a paper containing stipulations expressed to be made between other parties, render himself liable to an action, on the instrument, for not fulfilling those stipulations, any more than he thereby acquired a right to maintain an action on the instrument against the plaintiff, for the plaintiff's breach of the stipulations on his part. See Addison on Con. 185, 242. 1 Walford on Parties, 9; *Catlin* v. *Ware*, 9 Mass. 218.

The fact that the lessees named in the lease are termed officers of an association, and that the demise is to them and their successors in office, does not at all affect the question of the liability of these defendants.

Whether an action on the lease could be maintained against Badger alone, or whether the plaintiff has any other remedy against Badger and Knous jointly, we need not now inquire.

*Judgment for the defendants*