## WARNER C. STURTEVANT *vs.* CHARLES PHELPS.

In an action on the covenant against incumbrances to recover the value of a right of dower not released in the deed under which the defendant derived his title, and since purchased by the plaintiff, the plaintiff introduced evidence of the amount paid by him therefor, and of the value of the land, independently of the buildings, at that time. *Held*, that the defendant might introduce evidence of the increase in value of the land by buildings and other improvements since the deed under which he derived his title.

ACTION OF CONTRACT on the covenant against incumbrances in a deed made by the defendant to the plaintiff on the 27th of March 1847.

At the trial in the superior court before *Rockwell*, J., the plaintiff gave in evidence a warranty deed of the premises, dated the 20th of September 1845, from Wells Lathrop, in which his wife did not join, to John Howard, whose title afterwards vested by mesne conveyances in the defendant; the deed declared on ; and a deed dated January 26, 1859, from Mr. and Mrs. Lathrop to the plaintiff, releasing her right of dower.

The plaintiff was called as a witness in his own behalf, and asked what sum he paid for the release of Mrs. Lathrop's right of dower. The defendant objected to this inquiry for any other purpose than to limit the measure of damages; but the objection was overruled, and the question allowed to be answered. The plaintiff also introduced evidence of the value of the land without the buildings in January 1859.

The defendant offered evidence that since the deed of Lathrop to Howard the land had been greatly increased in value by improvements made by the plaintiff and others, independently of the buildings. But the judge excluded the evidence; refused to instruct the jury, that, "in estimating the value of Mrs. Lathrop's dower, the estate was to be taken at its value when owned by Mr. Lathrop, with the increased value by natural means only;" and instructed them that the plaintiff, if entitled to recover at all, was entitled to recover the sum which he had paid to procure the release of Mrs. Lathrop's right of dower, if in their judgment it was reasonably and fairly paid. A verdict was returned for the plaintiff, and the defendant alleged exceptions.

*N. A. Leonard,* for the defendant.

*J. Wells,* for the plaintiff, cited *Prescott* v. *Trueman,* 4 Mass. 627; *Wyman* v. *Brigden,* 4 Mass. 150; *Chapel* v. *Bull,* 17 Mass. 213; *Harlow* v. *Thomas,* 15 Pick. 66; *Batchelder* v. *Sturgis,* 3 Cush. 201; *Hall* v. *Dean,* 13 Johns. 105; *Norton* v. *Babcock,* 2 Met. 510; Rawle on Cov. 131.

DEWEY, J. In estimating the damages for the breach of the covenant of the defendant, by reason of the inchoate right of dower of Mrs. Lathrop, the wife of the grantor of the defendant, and under whose title the estate is held, the inquiry is as to the rule for estimating the value of the land to which the right of dower attaches. As the question is one in reference to a claim where the alleged improvements have been made by one holding under an alienation by the husband, the rule of estimating the value of the property will be to estimate the same as it was at the time of the alienation by the husband, as to its improvements by cultivation and buildings. It was com-

petent, as bearing upon this question, for the defendant to intro-duce evidence to show that, since the execution of the deed of the husband, the premises had been greatly increased in value by improvements made thereon by the labors and expenditures of the grantee of the husband, and those holding under such grantee, upon the land itself, as well as by the buildings erected thereon. *Cutler* v. *Ware*, 9 Mass. 218. *Powell* v. *Monson & Brimfield Manuf. Co.* 3 Mason, 375. This question in a broader aspect will be found fully considered in Mr. Washburn's val-uable treatise on the American Law of Real Property, Vol. I. 238. The proposed evidence tending to show that, since the deed of Wells Lathrop to Howard, the premises had been greatly increased in value by improvements and expenditures upon the land itself, as well as by erecting buildings thereon, was therefore competent, and especially so to enable the jury properly to consider the case in reference to the evidence that had been introduced into the case as to its present value.

*Exceptions sustained.*