## ANDREW J. PERKINS *vs.* ABEL RICHARDSON.

Land owned by a married woman in her own right might be conveyed, prior to 1855, in this commonwealth, by a deed in which she joined with her husband in the granting part thereof, although her husband alone made the covenants contained therein, and the last clause of which stated that she executed the same " in relinquishment of dower."

An office copy of a lost deed is competent secondary evidence thereof, in favor of the grantee, although the deed was executed by a husband and wife, to convey land owned by her in her own right, prior to 1855, and acknowledged by the husband alone.

BILL IN EQUITY by a second mortgagee to redeem land from the first mortgagee thereof.

At the hearing, before *Gray*, J., the execution and validity of the second mortgage were disputed; and the plaintiff, after proving the loss of his original mortgage, offered in evidence an office copy thereof, which commenced thus : " Know all men by these presents that I, Albert Abbott and Elizabeth his wife, in her right, of Lawrence," " in consideration of one thousand dollars paid by Andrew J. Perkins of Lawrence," " the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said Perkins a certain piece of land," which was described. The covenants in the mortgage were made thus : " And I the said Abbott for myself and my heirs, executors and administrators, do covenant with the said Perkins and his heirs and assigns that I am lawfully seised in fee simple of the aforegranted premises; that I have good right to sell and convey the same," &c. And the last clause commenced thus : " In witness whereof I the said Albert Abbott, and Elizabeth Abbott wife of said Albert Abbott, in relinquishment of her dower, have hereunto set our hands," &c. This mortgage appeared to have been acknowledged by Albert Abbott alone, was dated in 1854, and was duly recorded. The land was owned, at the time of the execution of both mortgages, by Elizabeth Abbott.

The case was reserved for the determination of the whole court, with a provision that if the office copy is admissible in evidence, and sufficient in form to pass the title of Mrs. Abbott in her own right in the land, the case should be referred to

a master to state the account; if insufficient in form, the bill should be dismissed; if sufficient in form, but the copy is incompetent evidence, the case should stand for a hearing.

*S. B. Ives, Jr.*, for the plaintiff.

*D. Saunders, Jr.*, for the defendant. By the true construction of the language of this mortgage, it was the mortgage of the husband and not of the wife. *Bruce* v. *Wood*, 1 Met. 542. *Frost* v. *Spaulding*, 19 Pick. 445. *Bridge* v. *Wellington*, 1 Mass. 227. *Richardson* v. *Palmer*, 38 N. H. 212. *Flagg* v. *Bean*, 5 Fost. (N. H.) 62. An office copy should not be admitted of a deed of the land of a married woman, executed by the husband and wife, and acknowledged by him alone. See *Hathaway* v. *Spooner*, 9 Pick. 23.

Bigelow, C. J. The deed conveyed the wife's title to the premises as well as the interest of the husband. By joining in the words of grant, she must be understood to have given and to have intended to give all the right and title she was capable of conveying, whether by way of passing an estate in fee or extinguishing or barring any other right or interest therein. It does not change or affect the legal operation of the conveyance that the wife did not join in the covenants contained in the deed. They would not be binding upon her. 2 Washburn on Real Prop. 564, and cases cited. The deed in question was made prior to the enactment of the statutes authorizing married women to enter into contracts in relation to their separate property. Nor was the property held to the sole and separate use of the wife. The legal title was vested in her, and it was held in her right as at common law. The conveyance was in the usual form to pass her right. The words of the grant are full and unqualified; nor is there anything to vary or modify their operation or effect in any part of the deed. The release of dower in the last clause is wholly immaterial to the construction of the previous words of grant. *Learned* v. *Cutler*, 18 Pick. 9. *Bartlett* v. *Bartlett*, 4 Allen, 440.

The office copy of the deed was competent secondary evidence. It was acknowledged by one of the grantors and duly recorded. An acknowledgment by both was not necessary

Rev. Sts. *c.* 59, § 12.  *Catlin* v. *Ware,* 9 Mass. 218.  *Shaw* v
*Poor,* 6 Pick. 86.   The authorities are uniform that a registered
copy is competent when the original deed cannot be obtained
*Eaton* v. *Campbell,* 7 Pick. 10.   *Burghardt* v. *Turner,* 12 Pick.
534.   *Scanlan* v. *Wright,* 13 Pick. 523.   *Ward* v. *Fuller,* 15
Pick. 185.   *Commonwealth* v. *Emery,* 2 Gray, 80.

In conformity to the agreement of the parties, the entry is
to be                                        *Case sent to an assessor.*