EDWIN WARNER *vs.* RUFUS A. PECK.

A statute being in force providing that "where the husband and wife, being of lawful age, are seised of any lands, tenements, or other real estate in the right of the wife, they shall be authorized to convey the same by deed or other instrument in writing, signed, sealed, and delivered by them, respectively," a deed was given, drawn as the individual deed of a married woman, throughout the premises, granting and covenanting parts down to the attestation clause, which was, "In testimony whereof, we have hereunto set our hands and seals, this 11th day of April, A. D. 1867." The deed was signed, sealed, and acknowledged, by both husband and wife, the wife's acknowledgment being separately taken: —

*Held*, that the deed was a nullity.

BILL IN EQUITY for specific performance. The facts are stated in the opinion of the court.

*February* 17, 1877. DURFEE, C. J. This is a bill in equity to enforce the specific performance of a contract for the sale and purchase of real estate. The plaintiff, who is the vendor, claims title under a deed which, in the body of it down to the attestation clause, is written as if it were the individual deed of Mary E. Huddleston, the wife of Thomas J. Huddleston. It reads, "I, Mary E. Huddleston, wife of Thomas J. Huddleston," &c. The attestation clause reads as follows, to wit: "In testimony whereof, we have hereunto set our hands and seals, this eleventh day of April, A. D. 1867." The deed is signed, sealed, and acknowledged by both husband and wife, the wife's acknowledgment being separately taken. Before the making of the deed, the property agreed to be sold belonged to the wife in fee simple, the husband being interested simply in the right of his wife. The defendant objects that the deed was insufficient to pass the wife's estate. In support of the objection, he refers to *Jewett* v. *Davis et als.* 10 Allen, 68, in which a deed, like the deed under which the plaintiff claims, purporting to convey the fee simple estate of a married woman, was held to be void under a statute of Massachusetts similar to ours, as ours was when the deed in question was executed. Dewey, Justice, said: "By the well settled principles of the common law, as long held and practised upon in this commonwealth, and subsequently confirmed by Rev. Stat. cap. 59, § 2, a *feme covert*, who owns the fee of land, can convey the same only by a deed executed by herself and her husband, and when both are parties to the effective and operative

part of the instrument of conveyance." A similar decision has been made in North Carolina in *Gray* v. *Mathis*, 7 Jones N. C. 502. The defendant also refers to cases in which it has been held that a husband's deed, purporting to convey his wife's estate in fee, is ineffectual to do so, notwithstanding she may have signed, sealed, and acknowledged it with him, if she is not also joined with him in the granting part. *Bruce* v. *Wood*, 1 Met. 542; *Kerns* v. *Peeler*, 4 Jones N. C. 226; *Purcell* v. *Goshorn & Wife*, 17 Ohio, 105. He cites, too, cases in which it has been held that a wife does not release her right of dower in land conveyed by her husband, by simply signing, sealing, and acknowledging his deed, if it has no words of release or relinquishment. *Catlin* v. *Ware*, 9 Mass. 218; *Lufkin* v. *Curtis*, 13 Mass. 223; *Cox* v. *Wells*, 7 Blackf. 410; *Powell et ux.* v. *Monson, &c. Manufac. Co.* 3 Mason, 347. We think these decisions are founded in reason. For how can a deed which is expressed solely in the name of one person become the deed of another person, by his simply affixing to it his signature and seal? The maxim of the law is, *Expressio unius, exclusio alterius*. Let us look at the deed here in question. The sole grantor named in the body of the deed is the wife. The deed runs, "I, Mary E. Huddleston," &c., throughout the granting and covenanting parts. Then follows, "In testimony whereof, we have hereunto set our hands and seals." In testimony of what? Manifestly, in testimony of the grant and covenants expressed in the body of the instrument. It is true they are null and void. But they cannot be construed as the joint grant of husband and wife, with covenants by the husband, simply because, unless so construed, they are without effect. That would be to make for the husband and wife a deed which they have not made for themselves.

The plaintiff cites two New Hampshire cases in which a similar deed was sustained. *Elliot* v. *Sleeper*, 2 N. H. 525; *Woodward* v. *Seaver*, 38 N. H. 29. It was there held that the husband, by executing, adopted the deed as his own. We fail to see how a person can make a deed his own by simply affixing his signature and seal, when the deed upon its face is the deed of somebody else. The cases cited in support of this view are cases which hold, simply, that a contract, will, or bond will bind its subscribers as parties or makers, when the parties or makers are

not named, or there is a blank to fill in the body of the instrument. This is not a case of that kind. The plaintiff also cites a Mississippi case in which a similar deed was sustained. *Stone* v. *Montgomery*, 35 Miss. 83. In that case the court relied upon an estoppel to give effect to the deed. But if the husband is estopped by his signature and seal, we do not see how that gives vitality to the sole conveyance of the wife. The statute in force when the deed was made required a *conveyance* by the husband and the wife respectively. Such an estoppel would not amount to a conveyance; and a conveyance by the wife, without her husband, was then, if not now, a nullity. *Fowler* v. *Shearer*, 7 Mass. 14; *Concord Bank* v. *Bellis et al.* 10 Cush. 276.

    *Bill dismissed, but, the suit being amicable, without costs.*

*William H. Bliss*, for complainant.

*Thomas C. Greene*, for respondent.