## MARY WALSH *vs.* DEBORAH WILSON.

Bristol. Oct. 27. — Nov. 2, 1881. MORTON & ALLEN, JJ., absent.

*It seems,* that a claim for improvements made by the tenant of premises in which dower is demanded, not having been pleaded nor suggested of record before the appointment of commissioners to set out the dower, is not open to the tenant at the hearing upon the demandant's motion for the confirmation of the commissioners' report.

Repairs made by the tenant of premises in which dower is claimed, for the purpose of keeping the house in a tenantable condition, are not improvements, properly so called, upon the premises, to the expenses of which the demandant, before the assignment of her dower, is under any obligation to contribute.

WRIT OF DOWER. After trial and verdict in favor of the demandant, and an assessment of damages for the detention of dower up to the date of the verdict, a warrant was issued to commissioners in the usual form, directing them to set out to the demandant her dower in the premises described in the writ, and report was made to the court by the commissioners of their doings under the same.

At the hearing in the Superior Court, before *Knowlton*, J., upon the demandant's motion for the confirmation of the commissioners' report, it appeared that the tenant, since the formal

demand for dower was made upon her, built a cellar wall of brick under a small dwelling-house upon the premises, with a view to keeping the house in a tenantable condition and to the preservation of it from injury, the wooden posts by which it had previously been supported having become decayed and insufficient. There was no claim in the answer for improvements, nor anything in the warrant or other proceedings in the case to indicate that the value of the property should be determined or the dower set out in any other than the usual way.

It was conceded that the commissioners, in estimating the value of the real estate with a view to ascertaining the share to be assigned to the demandant, made no deduction on account of the cost of said wall to the tenant, nor any allowance to her for it in any form, although requested by her so to do.

The tenant asked the judge to rule, that the demandant could have assigned to her only one third of the value of the premises as they were at the time of the death of her husband, and could not have one third of the value of the premises including said cellar wall. The judge declined so to rule, and ordered the report confirmed; and the tenant alleged exceptions.

*J. M. Wood*, for the tenant.

*J. M. Morton, Jr. & A. J. Jennings*, for the demandant, were not called upon.

GRAY, C. J. It would seem that the claim made by the tenant, not having been pleaded nor suggested of record before the appointment of commissioners, was not open to her at the hearing. *Ayer* v. *Spring*, 9 Mass. 8, and 10 Mass. 80, 83. Stearns on Real Actions, 317, 478. But the evidence offered by her did not tend to show any improvements, properly so called, upon the premises; but only repairs for the purpose of keeping the house in a tenantable condition, to the expenses of which the demandant, before the assignment of her dower, was under no obligation to contribute. *Exceptions overruled.*