May Term,
1845.

Cox and Another *v.* WELLS.

Cox
v.
WELLS.

|7b 410|
|139   9|

In this suit, which was on a promissory note, a plea similar to the special plea in the preceding case of *Cox et al.* v. *Hazard*, was held to be bad.

A conveyance of real estate executed and acknowledged by husband and wife, but in the body of which the wife's name is not inserted, does not convey the interest of the wife in the premises.

Tuesday,
June 3.

ERROR to the *Rush* Circuit Court.

BLACKFORD, J.——Assumpsit brought by *Wells*, as assignee of one *James Conwell*, against *Cox* and *Morrow* on a promissory note. The note was dated on the 1st of *December*, 1836, and was payable to *Conwell* or order three years after date.

Pleas, 1. Non assumpsit. 2. That the note was given in part consideration of lots numbered 19 and 20 in the town of *Laurel;* that upon the execution of the note, the payee gave to the defendants his title-bond, the condition of which (after reciting that he had received one-third of the purchase-money, and the defendants', note for the residue payable in three years) was, that he would execute to the defendants a deed for said lots with relinquishment of dower, upon payment of the residue of the purchase-money; that the note sued on was for said residue of the purchase-money; and that the payee did not on the 1st of *December*, 1839, or at any time previously, make or offer to make to the defendants a deed for said lots, nor at any time afterwards until the 18th of *September*, 1840; wherefore the consideration of the note had failed.

Replication to the special plea, that on the 15th of *September*, 1840, the plaintiff tendered to the defendants a deed for said lots with relinquishment of dower, executed by said *James Conwell* and his wife, which tender was prior to the commencement of this suit; wherefore the consideration of the note had not failed.

The defendants craved and obtained *oyer* of the deed mentioned in the replication, the substance of which deed is as follows: This indenture witnesseth that the parties to this agreement having considered, &c., do mutually agree as follows, viz., *James Conwell*, the party of the first part, agrees, &c.; and we *Robert S. Cox* and *Charles W. Morrow*, the party of the second part, &c., have purchased of the said

party of the first part lots numbered 19 and 20 in the town of *Laurel*, and have paid to the party of the first part the sum of, &c. The party of the first part hath granted, bargained, and sold, and by these presents doth grant, bargain, and sell to the said party of the second part, and to their heirs and assigns, the above described premises, &c. The party of the first part binds himself, &c., to the said party of the second part, &c., to defend said lots against the claims of all persons, &c. In testimony whereof, the said *James Conwell* and *Wineford Conwell* his wife, have hereunto set their hands and seals this 5th of *September*, 1840.—*James Conwell*, (SEAL.) *Wineford Conwell*, (SEAL.)

There is a certificate of a justice of the peace in the usual form indorsed on the deed, stating the acknowledgment of the deed by the said *Conwell* and wife, the wife being examined separately, &c.

*Oyer* as aforesaid of the deed having been obtained by the defendants, they demurred generally to the replication; but the demurrer was overruled.

The cause was submitted to the Court on the general issue, and judgment rendered for the plaintiff.

On the trial, the plaintiff proved the execution of the note and of *Conwell's* title-bond. He also proved that on the 15th of *September*, 1840, he tendered to the defendants a deed for the lots aforesaid, the substance of which deed we have already stated, *oyer* of it having been given to the defendants. The deed was objected to by the defendants, but the objection was overruled.

The *replication to* the special plea is bad, because, as we shall presently show, the deed alleged to have been tendered is insufficient. The special plea is also bad. *Cox et al.* v. *Hazard*, decided at this term. The deed offered in evidence by the plaintiff, and shown on *oyer*, does not convey the interest of *Conwell's* wife in the premises; her name not being inserted in the body of the deed. *Catlin* v. *Ware*, 9 Mass. 209.—*Lufkin* v. *Curtis*, 13 Mass. 223. The conveyance tendered, therefore, was not such a one as the defendants were entitled to, under their contract with *Conwell*.

*(margin:)* May Term, 1845.

Cox
v.
WELLS.

May Term, 1845.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Newman,* for the plaintiffs.

*G. H. Dunn, P. L. Spooner,* and *P. A. Hackleman,* for the defendant.