Nov. Term, 1852.

Davis
v.
Bartholomew

---

Davis and Others *v.* Bartholomew.

The statute of 1824 enacts that a married woman may, by joining in a deed with her husband, release or convey her dower.

A deed executed while the statute of 1824 was in force, contained the following, which were the only words affecting the dower of the wife, to· wit: "In witness whereof the said *J. B.* and *R.*, his wife, who hereby relinquishes her right of dower in the above premises, have hereunto set their hands, the date above written." *Held*, that under the said statute, the words quoted amount to a release of dower.

Nov. Term,
1852.

Davis
v.
Bartholomew

The certificate of acknowledgment of a deed executed by husband and wife while the statute of 1824 was in force, was as follows: State of *Indiana, Tippecanoe* county, ss. Before me, *D. B.*, recorder within and for said county, personally came *J. B.* and *R.*, his wife, the grantors named in the above deed of conveyance, and being by me examined concerning the same, acknowledged it to be their voluntary act and deed for the uses and purposes therein mentioned. And the said *R.*, the wife of the said *J.*, having been by me examined separate and apart from her said husband, as required by law, touching the above deed, declared that she signed, sealed, and delivered the same, of her own free will and accord, without any coercion or compulsion of her said husband, and that she thereby relinquished all her right and claim to dower in the said premises. In witness, &c. *Held,* that the certificate was sufficient under the statute of 1824.

The joining by a married woman with her husband in the covenants contained in a deed of land, does not convey or release her dower.

The signature and seal of a married woman to a deed executed by her husband, are not sufficient of themselves to release her dower.

To bar dower, the deed itself must contain the words necessary to constitute a conveyance or release, and it cannot be aided by the certificate of acknowledgment.

Dower lies against a tenant in common before partition.

Wednesday,
November 24.

APPEAL from the *Tippecanoe* Circuit Court.

Blackford, J.—This was a bill in chancery filed on the 29th of *November*, 1849, by *Rebecca Bartholomew* against *James Davis* and others. The object of the bill was to obtain dower in a certain lot of ground in *Lafayette*. The bill was demurred to and the demurrer overruled. The defendants having refused to answer, the bill was taken as confessed, and a decree rendered, giving to the complainant dower in said lot. Commissioners were appointed to assign the dower.

The material facts stated in the bill are as follows:

On the 13th of *October*, 1829, one *John Stockton*, being seized in fee of a certain tract of land in *Tippecanoe* county, sold and conveyed the same to *Jeremiah Bartholomew*, the then husband of the complainant. On the 19th of *October*, 1829, said *Jeremiah Bartholomew* and his wife, the complainant, executed to *James Davis*, one of the defendants, a deed as follows:

This indenture, made the 19th day of *October*, 1829, between *Jeremiah Bartholomew*, of the county of *Tippecanoe*, in the state of *Indiana*, of the first part, and *James Davis*, of

the county and state aforesaid, of the second part, witness-
eth, that the said party of the first part, in consideration of
the sum of 550 dollars, lawful money of the *United States*,
to him in hand paid by the said party of the second part,
the receipt whereof is hereby acknowledged, does hereby
grant, bargain, sell, convey, and confirm unto the said
party of the second part, his heirs and assigns forever,
all that certain tract or parcel of land situate, &c. To-
gether with all the hereditaments, &c., and all the estate,
right, title, claim, and interest whatsoever of the said party
of the first (part), either in law or equity, of, in, and to the
above-described premises with the hereditaments and ap-
purtenances. To have and to hold the premises above-
mentioned and described to the said party of the second
part, his heirs and assigns forever. And the said *Jere-
miah Bartholomew* does for himself, his heirs, executors,
and administrators, covenant, grant, and agree, to and
with the said *James Davis*, his heirs, executors, adminis-
trators, and assigns, that he, the said party of the first
part, is lawfully seized in fee of the aforesaid granted
premises, that they are free from all incumbrances, that
he is the true and lawful owner of said premises, and has
good right, full power, and lawful authority, to sell and
convey the same in manner and form aforesaid. And
further, that he, the said party of the first part, for him-
self, his heirs, executors, and administrators, will warrant
and forever defend the aforesaid granted premises with
the appurtenances and every part thereof to the said party
of the second part, his heirs and assigns forever, against
all lawful claims and demands of any person and all per-
sons whomsoever. In witness whereof the said *Jeremiah
Bartholomew* and *Rebecca*, his wife, who hereby relinquishes
her right of dower in the above premises, have hereunto
set their hands, date above written. *Jeremiah Bartholomew*
[seal], *Rebecca Bartholomew* [seal]. Signed, sealed, and
delivered in the presence of *David Bugher*.

The certificate of acknowledgment of this deed is as
follows:

State of *Indiana, Tippecanoe* county, ss. Before me,

*Daniel Bugher*, recorder within and for said county, personally came *Jeremiah Bartholomew* and *Rebecca*, his wife, the grantors named in the above deed of conveyance, and being by me examined concerning the same, acknowledged it to be their voluntary act and deed for the uses and purposes therein mentioned. And the said *Rebecca*, the wife of the said *Jeremiah*, having been by me examined separate and apart from her said husband, as required by law, touching the above deed, declared that she signed, sealed, and delivered the same of her own free will and accord, without any coercion or compulsion of her said husband; and that she thereby relinquished all her right and claim to dower in the said premises. In witness whereof I have hereunto set my hand and seal this 19th of *October*, 1829. *Daniel Bugher* [seal], recorder.

This deed is indorsed as follows: A true record. Recorded *January* 3d, 1831. *Daniel Bugher*, recorder.

The land described in this deed is the same land sold and conveyed as aforesaid by *Stockton* to *Bartholomew*.

On the 3d of *November*, 1829, the said *Jeremiah Bartholomew* and the complainant, his wife, and said *James Davis*, and his wife, executed to one *Canada Fink* a deed as follows:.

This indenture, made the 3d of *November*, 1829, between *Jeremiah Bartholomew* and *James Davis*, of the county of *Tippecanoe*, in the state of *Indiana*, of the first part, and *Canada Fink* of the same place, of the second part, witnesseth, that the said party of the first part, in consideration of the sum of 207 dollars, lawful money of the *United States*, to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell, convey, and confirm unto the said party of the second part, his heirs and assigns forever, all that certain tract, &c., with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining; and all the estate, right, title, claim, and interest whatsoever, of the said party of the first part, either in law or equity, of, in, and to the above-described premises, with the said hereditaments and ap-

purtenances.  To have and to hold the premises above
mentioned and described, to the said party of the second
part, his heirs and assigns forever.  And the said *Bartho-
lomew* and *Davis*, and their wives, do for their heirs, exe-
cutors, and administrators, covenant, grant, and agree, to
and with the said *Canada Fink*, his heirs, executors, ad-
ministrators, and assigns, that they, the said party of the
first part, are lawfully seized in fee-simple of the afore-
said granted premises, that they are free from all incum-
brances, that they are the true and lawful owners of said
premises, and have good right, full power, and lawful au-
thority to convey and sell the same in manner and form
aforesaid.  And further, that they, the said party of the
first part, for themselves, their heirs, executors, and ad-
ministrators, will warrant and forever defend the afore-
said premises, with their appurtenances, and every part
thereof, to the said party of the second part, his heirs and
assigns forever, against all lawful claims and demands of
any person and all persons whomsoever.  In witness
whereof the said *Bartholomew* and *Davis*, and their wives,
have hereunto set their hands and seals the day and year
first above written.  *Jeremiah Bartholomew* [seal].  *Rebecca
Bartholomew* [seal].  *James Davis* [seal].  *Mary Davis*
[seal].  Signed, sealed, and delivered in the presence of
*Daniel Bugher*.

The certificate of acknowledgment to the last-named
deed is as follows:

State of *Indiana*, *Tippecanoe* county, ss.  Before me,
*Daniel Bugher*, recorder within and for said county, per-
sonally came *Jeremiah Bartholomew*, *James Davis*, and their
wives, the grantors named in the above deed of convey-
ance, and being by me examined concerning the same,
acknowledged it to be their voluntary act and deed for
the uses and purposes therein mentioned.  And the said
*Rebecca* and *Mary*, the wives of the said *Bartholomew* and
*Davis*, having been by me examined separate and apart
from their said husbands, as required by law, touching
the above deed, declared that they signed, sealed, and de-
livered the same of their own free will and accord, with-

out any coercion or compulsion of their said husbands, and that they thereby relinquished all their right and claim to dower in the said premises. In witness whereof I have hereunto set my hand and seal this 3d of *November*, 1829. *Daniel Bugher* [seal], recorder.

The last-named deed is indorsed as follows: A true record. Recorded *October* 18th, 1830. *Daniel Bugher* [seal], recorder. The lot in which the bill prays dower is a part of the land described in the last-named deed, and is a part of the tract described in the aforesaid conveyance to *Davis*.

*Bartholomew*, the complainant's husband, died in 1843.

On the 16th of *October*, 1849, the complainant demanded her dower in said lot of *Connelly*, one of the defendants, who was then in possession of the premises under a title derived from said *Fink*.

The first question is, whether the complainant's claim to dower was affected by the deed which she and her husband executed to *Davis*.

The only words in that deed bearing on the question are the following: " In witness whereof the said *Jeremiah Bartholomew* and *Rebecca*, his wife, who hereby relinquishes her right of dower in the above premises, have hereunto set their hands, date above written."

The statute of 1824, which governs this case, expressly enacts that a married woman may, by joining in a deed with her husband, release or convey her dower. Acts of 1824, p. 334.

There can be no doubt, we think, but that the above-quoted words amount to a release of dower.

The certificate of acknowledgment is sufficient under the statute of 1824, which was in force when it was given. *Stevens* v. *Doe d. Henry*, 6 Blackf. 475.

The complainant, therefore, by her deed to *Davis*, parted with her dower in the moiety of the land described in that deed.

The next question is as to the effect of the aforesaid deed to *Fink* on the complainant's claim.

The only parts of this deed relied on against the com-

plainant are her covenants that the party of the first part, that is, her husband and *Davis*, were lawfully seized of the premises; that the premises were free from incumbrances; that said party of the first part were the lawful owners of the premises, and had good right to sell the same; and that said party of the first part would warrant and defend the premises to the party of the second part.

These covenants do not amount to a conveyance or release of dower. They are the mere covenants of a married woman which she had no power to make, and by which she is not bound. *Aldridge* v. *Burlison et ux.*, 3 Blackf. 201.

The effect of this deed, therefore, is the same as if the complainant had not been mentioned at all in the body of it. Her signature and seal are to the deed, but they are not sufficient, of themselves, to bar her claim. *Cox et al.* v. *Wells*, 7 Blackf. 410.

Nor is the complainant barred of her dower by the circumstance, that the justice's certificate states that she acknowledged before him that she had voluntarily executed the deed, and thereby relinquished her right of dower. The deed itself must contain the words necessary to constitute a conveyance or release, or the claim of dower is not barred. 4 Kent's Comm. 59.

From the view we have taken of the case, it appears that a decree should have been rendered in favor of the complainant for dower in an undivided moiety of the lot in *Lafayette* described in the bill.

That dower lies against a tenant in common before partition, is decided in *Sutton et ux.* v. *Rolfe*, 3 Levinz, 84.

*Per Curiam.*—The decree is reversed, with costs. Cause remanded with instructions to the Circuit Court to render a decree in favor of the complainant for dower in an undivided moiety of the lot described in the bill.

*Z. Baird*, for the appellants.

*H. W. Chase*, for the appellees.