SCHEID ET AL. *v.* LEIBSHULTZ ET AL.

BOND.—*Presumption when Name is not in Body of Bond.*—Where the names of persons who sign a bond do not appear in the body of the bond, except that of the principal obligor, but are signed, with the name of the principal obligor, immediately after the words, "signed, sealed and delivered in presence of us," it will not be presumed that any of such persons signed as witnesses and not as makers.

Scheid *et al. v.* Leibshultz *et al.*

SAME.—*Surety*.—A surety who signs a bond is bound thereby though his name does not appear in the body of the bond.

From the Dearborn Circuit Court.

*W. S. Holman, H. D. McMullen* and *J. Schwartz,* for appellants.

*J. D. Haynes* and *J. K. Thompson,* for appellees.

BUSKIRK, J.—The record in this cause presents but one question, and that is, whether the court erred in overruling the demurrer to the complaint.

This was an action by the appellees against the appellants, upon the following instrument: "Know all men by these presents that we, August Thierfelder, of Aurora, Dearborn county and State of Indiana, are hereby held and firmly bound unto Klaas and Leibshultz, sewing machine general agents in the city of Cincinnati, State of Ohio, in the sum of one thousand dollars, lawful money of the United States of America, to be paid to the said Klaas and Leibshultz, their successors, representatives, or assignees, for which payment well and truly to be made they bind themselves, their heirs, executors, and administrators jointly and severally, firmly by these presents, sealed with their seals, dated the 22d day of June, 1871. The condition of the above obligation is such that if the above bounden August Thierfelder, his heirs, executors, or administrators, shall well and truly pay or cause to be paid any and every indebtedness or liability now existing, or which may hereafter in any manner exist or be incurred on the part of the said August Thierfelder to the said Klaas and Leibshultz, whether such indebtedness or liability shall exist in the shape of book accounts, notes, renewals, or extensions of notes or accounts, acceptances, indorsements, or otherwise, hereby waiving presentment for payment, notice of non-payment, protest and notice of protest, and diligence, upon all notes now or hereafter executed, indorsed, transferred, guaranteed or assigned by the said August Thierfelder to the said Klaas and Leibshultz, then

this obligation to be void, but otherwise to remain in full force and effect.

   "Signed, sealed, and deliv-     August Thierfelder,
       ered in presence of us.      Charles Scheid,
                            "Frank Herzog,
                            "Anton Kluber."

There is attached to the bond an affidavit of Scheid, Herzog and Kluber to the effect that, after the payment of just debts, each of them is the owner of property subject to execution of the value of four hundred dollars.

It is averred in the complaint that all the persons whose names appear to the above bond executed the same. It is claimed by counsel for appellant that as the names of Charles Scheid, Frank Herzog, and Anton Kluber do not appear in the body of the bond, it is to be presumed that they signed it as witnesses, and not as makers. We think no such presumption can be indulged. Their names appear directly under the name of the principal obligor, and not on the left hand under the words "signed, sealed and delivered in the presence of us." If they signed as witnesses only, why did they make and attach an affidavit as to the value of the property owned by them?

It is further insisted that it must be treated as the bond only of August Thierfelder, because only his name appears in the body of the bond as a maker. The language of the bond is "We, August Thierfelder, of Aurora, Dearborn county, and State of Indiana, are hereby held and firmly bound," etc.

The demurrer admits the execution of the bond and the averments of the complaint, that by the bond the defendants undertook and promised to pay to the plaintiffs, etc.

In support of this position, reference is made to *Cox* v. *Wells,* 7 Blackf. 410. There it was said: "The deed offered in evidence by the plaintiff, and shown on *oyer,* does not convey the interest of Conwell's wife in the premises; her name not being inserted in the body of the deed."

The ruling in the above case was followed in *Davis* v. *Bar-*

*tholomew,* 3 Ind. 485, where it was held that, to bar dower, the deed itself must contain the words necessary to constitute a conveyance or release of dower, and it can not be aided by the certificate of acknowledgment.

The decision in *Cox* v. *Wells, supra,* was based upon two cases in Massachusetts, *Catlin* v. *Ware,* 9 Mass. 209; *Lufkin* v. *Curtis,* 13 Mass. 223. In the case first cited, it was held, that "a deed cannot bind a party sealing it, unless it contains words expressive of an intention to be bound. In this case, whatever may be conceived of the intention of the demandant in signing and sealing the deed, there are no words implying her intention to release her claim of dower in the lands conveyed which must have been, to give it that operation. It was merely the deed of the husband, and the wife is not by it barred of her right to dower."

In the second case cited it was held, that, to release the dower of the wife, the deed should have contained "words importing a release of her claim of dower."

The ruling in the preceding cases proceeded upon the theory that, to convey or release the dower of the wife, the deed must contain words expressing a clear intention on her part to convey or release her dower, and that hence her name must appear in the body of the deed, as, otherwise, there would be no means of ascertaining her intention. We think the above authorities can have no application to the present case; for all that is required to render the appellants liable as sureties is, that it should clearly appear that they intended to be bound by the terms of the bond, and this is plain from the act of executing it. *Dobson* v. *Keys,* Cro. Jac. 261; *Smith* v. *Crooker,* 5 Mass. 538; *Ex parte Fulton,* 7 Cow. 484.

An obligation which, in its terms, purports to be that of one person, as "I hereby bind myself," etc., and is executed by more than one, may be treated as the several obligation of each person who signs it, or the joint obligation of all. *Knisely* v. *Shenberger,* 7 Watts, 193; *Leith* v. *Bush,* 61 Penn. St. 395; *Parks* v. *Brinkerhoff,* 2 Hill, 663; *Smith* v. *Crooker,* 5 Mass. 538; *Wright* v. *Harris,* 31 Iowa, 272.

The question involved has been expressly decided by this court in two cases.

In *Potter* v. *The State, ex rel. Thompson*, 23 Ind. 550, the name of the surety was not in the body of the bond; but it was held that this did not render it void as to him, as his signature to the bond was sufficient. And *Pequawkett Bridge* v. *Mathes*, 7 N. H. 230, and *Smith* v. *Crooker*, 5 Mass. 538, are cited.

In *The Wild Cat Branch* v. *Ball*, 45 Ind. 213, the question is fully considered. Many authorities are cited and reviewed. The conclusion reached was, that the liability of the sureties was fixed by their execution of the bond; and it was further held that the fact that the name of the principal appeared in the body of the bond created no liability against him without he subscribed the bond.

In *Knisely* v. *Shenberger, supra,* the court said: " If ever there was a time when courts listened to trivial and verbal inaccuracies in contracts, when the real meaning and intention of the parties was plain; that time has gone by, and the only object of courts is, that where the meaning and intention of the parties are perfectly plain, no grammatical inaccuracy or want of the most appropriate words shall render the instrument unavailing."

We think the language used quite appropriate to the present case.

The judgment is affirmed, with costs and five per cent. damages.