Travellers Insurance Company *v.* Noland *et al.*

No. 10,739.

TRAVELLERS INSURANCE COMPANY *v.* NOLAND ET AL.

DEED.—*Construction.*—*Married Woman.*—A deed of lands executed by husband and wife, made after dower was abolished, which contained a valid grant in fee of the husband's lands by him, and in the *testatum* clause words whereby his wife "relinquishes her dower in said premises," is sufficient to bar the wife's inchoate estate in the lands which would otherwise have become consummate upon his death.

PLEADING.—*Demurrer.*—*Practice.*—*Evidence.*—*Harmless Error.* — Where a demurrer is sustained erroneously to a complaint in a single paragraph, stating the facts specifically, and afterwards another paragraph more general is filed upon which there is issue, and upon the trial of which the facts stated in the original would have been admissible in evidence, the error can not be held harmless, it being presumed, nothing appearing to the contrary, that the case was tried upon the erroneous theory of law as held in sustaining the demurrer.

From the Madison Circuit Court.

*F. H. Levering, H. D. Thompson, T. B. Orr, D. V. Burns* and *C. S. Denny,* for appellant.

*J. W. Sansberry, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellees.

HAMMOND, J.—Action by the appellees against the appellant for partition of real estate. The complaint alleges that the appellees own the undivided one-third, and the appellant the remaining two-thirds, of the land. Answer: 1. The general denial. 2. The twenty years' statute of limitation. Reply in denial of the second paragraph of answer.

The appellant also filed a cross complaint in one paragraph to quiet its title to all the real estate in controversy. In this cross complaint, the appellant specifically stated the facts upon which its claim of title was based. The appellees demurred to the cross complaint for want of facts, which demurrer was sustained and the appellant excepted. Appellant then filed a second paragraph of cross complaint, alleging generally that it was the owner and in possession of the real estate, describing it; that the appellees claimed some

interest therein which was a cloud upon appellant's title, and asking to have its title quieted. To this the appellees answered in denial. Trial by jury; verdict for appellees; judgment on verdict, over appellant's motion for a new trial and exceptions. The evidence is not in the record.

The appellant has assigned a number of errors, but in the condition of the record we can only consider that relating to the sustaining of the demurrer to the first paragraph of the cross complaint.

The facts stated in the first paragraph of the cross complaint are substantially as follows: One James French, in 1848, derived title to all the land in controversy by patent from the United States. On December 13th, 1854, French and his wife conveyed the land to their daughter, Elizabeth Sebrell. This conveyance, omitting description of the land, was as follows:

"This conveyance witnesseth, that James French of Madison county, Indiana, in consideration of natural love and affection which he bears to his daughter, Elizabeth Sebrell, and as an advancement of one thousand dollars to said Elizabeth Sebrell, of Madison county, and State of Indiana, does hereby grant, bargain, sell and convey to said Elizabeth Sebrell and her heirs, and to Benjamin Sebrell, his lifetime, and assigns forever, the following real estate in Madison county, and State of Indiana, and described as follows, to wit:" (description) "together with all the privileges and appurtenances to the same belonging, to have and to hold the same to the said Elizabeth Sebrell, her heirs and assigns forever; the grantors, their heirs and assigns hereby covenanting with the grantee, his heirs and assigns, that the title so conveyed is clear from, and unincumbered, that they are lawfully seized of the premises aforesaid, as a sure, perfect and indefeasible estate of inheritance in fee simple, and that they will warrant and defend the same against all claims whatever.

"In witness whereof the said James French and Elizabeth French, his wife, who hereby relinquishes her dower in

said premises, have hereunto set their hands and seals, this 13th day of December, 1854.

> "(Signed)        JAMES FRENCH.        [SEAL]
> " ELIZABETH FRENCH.   [SEAL] "

The deed was duly acknowledged and recorded. Elizabeth Sebrell and her husband went into immediate possession of the land under the deed. In 1877, while still in such possession, they executed a mortgage upon the real estate to the appellant. This mortgage having been foreclosed and the land sold to the appellant at sheriff's sale under the foreclosure, a sheriff's deed was executed to the appellant on February 19th, 1881.

James French died in 1856. His widow, on March 4th, 1880, made a deed for the land to the appellees, who have no claim of title except under this deed. They claim by virtue of such deed to own the undivided one-third of the land. After her husband's death, up to the time of making the deed to the appellees, French's widow never claimed any interest in the land.

It is insisted by the appellees that the deed from French and wife to Elizabeth Sebrell was not sufficient to convey the wife's inchoate interest in her husband's land, nor to bar her claim for one-third thereof after his death.

The objection made to the conveyance is that the wife's name does not appear in the first or granting part of the deed. As supporting the proposition that the wife's signature to the deed did not bar her interest in the land after the death of her husband, we are referred to *Cox* v. *Wells*, 7 Blackf. 410 (43 Am. Dec. 98), and *Davis* v. *Bartholomew*, 3 Ind. 485.

In the case first cited, the deed was signed by the husband and wife, but her name nowhere appears in the deed except in the conclusion, as follows: " In testimony whereof, the said James Conwell and Wineford Conwell his wife, have hereunto set their hands and seals this 5th of September, 1840." BLACKFORD, J., who delivered the opinion of the court, said: "The deed offered in evidence by the plaintiff,

and shown on *oyer*, does not convey the interest of Conwell's wife in the premises; her name not being inserted in the body of the deed."

*Davis* v. *Bartholomew, supra,* is authority against the appellees. In that case there were two deeds, and it is true that one of them was held insufficient to bar the widow's dower. But in the other, which was executed by Jeremiah Bartholomew and his wife to James Davis, and of which, except as to names, date, and the description of land, the deed now under consideration is substantially a copy, it was held that the wife's dower was released. The opinion in that case was also delivered by BLACKFORD, J., who said: " The first question is, whether the complainant's claim to dower was affected by the deed which she and her husband executed to Davis. The only words in that deed bearing on the question are the following: ' In witness whereof the said Jeremiah Bartholomew and Rebecca, his wife, who hereby relinquishes her right of dower in the above premises, have hereunto set their hands, date above written.' * * There can be no doubt, we think, but that the above quoted words amount to a release of dower."

The words in the concluding part of the deed above referred to, and which the court held were sufficient to release dower, occur almost *verbatim* in the deed under consideration from French and wife to Elizabeth Sebrell.

It will be observed that in the case in 7 Blackf. there is nothing in the body of the deed indicating an intention upon the part of the wife to release her right of dower. But in the present case, as in that in 3 Ind., this intention clearly appears in the concluding part of the deed.

The deed from French and wife to their daughter, made after dower was abolished, uses inappropriate words to effect the wife's release of her inchoate interest. But her intention to release such interest is manifest. The word " dower" should be given the meaning plainly intended by the parties. to effectuate the object of the conveyance. *Ostrander* v. *Spickard,* 8 Blackf. 227; *Johnson* v. *Rockwell,* 12 Ind. 76.

Our conclusion is that the deed from French and wife to Mrs. Sebrell was sufficient to bar Mrs. French's claim of title after her husband's death. It follows that her deed to the appellees conveyed no title. We hold, therefore, that the first paragraph of the appellant's cross complaint was good, and that the court erred in sustaining the demurrer thereto. It is insisted, however, by the appellees, that the error was harmless, as the facts stated in the first might have been proved under the second paragraph of the cross complaint.

It may be true that proof of the facts alleged in the first were admissible under the second paragraph of the cross complaint, and yet we are not able to say that there was no error in sustaining the demurrer to the first paragraph. In the first paragraph, as we have seen, the appellant stated the facts specifically upon which it relied for title. In the second paragraph, it merely made the general averment that it was the owner of the land. Had both paragraphs been the same, either in setting up generally, or by special statement of facts, the appellant's claim of title, or had both paragraphs been pleaded at the same time, we might say that the sustaining of a demurrer to either paragraph was harmless. But the demurrer was sustained to the first before the second paragraph was filed. The first paragraph advised the court fully of the facts relied upon by the appellant to establish title. The second paragraph gave the court no such information. The demurrer having been sustained to the first, before the filing of the second paragraph, it is obvious that the ruling was made upon the theory that the first paragraph did not state facts sufficient to constitute a cause of action. The sustaining of the demurrer upon that account was erroneous. As this incorrect view of the law probably controlled the subsequent proceedings of the case, we are of the opinion that the ruling can not be upheld as being harmless. As was observed in *Wheeler* v. *Me-shing-go-me-sia*, 30 Ind. 402, "It must be held, nothing appearing to the contrary, that the court below tried

the case on the theory of the law as ruled on the demurrers in making up the issues."

Judgment reversed, at appellees' costs, with instructions to the court below to overrule the appellees' demurrer to the first paragraph of the appellant's cross complaint, and for further proceedings in accordance with this opinion.

Filed May 6, 1884.   Petition for a rehearing overruled Nov. 12, 1884.